**UNITED STATES of America, Plaintiff,**

v.

**Gregory BOUTTE, Boutte, Elmore & Company, CPAs, Defendants.**

No. 1:94–CV–0102.

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 25, 1995.

---

Olen Kenneth Dodd, Asst. U.S. Atty., Beaumont, TX, Michael F. Hertz, U.S. Department of Justice, Washington, DC, for plaintiff.

Norman M. Bonner, Austin, TX, for defendants.

### MEMORANDUM OPINION

COBB, District Judge.

Before the Court is the Plaintiff's Motion for Summary Judgment against Gregory Boutte, filed by the United States. The United States claims that the defendants, Gregory Boutte and Boutte, Elmore & Company, committed twenty-three acts in violation of the False Claims Act, 31 U.S.C. § 3729, *et seq.* For the reasons stated below, this Court finds that the United States of America should prevail against Mr. Boutte as a matter of law on all its claims. Finding there to be no issues of material fact in dispute, this Court GRANTS Plaintiff's motion.

### BACKGROUND

On July 20, 1992, after a criminal jury trial in this Court, Defendant Gregory Boutte was convicted of twenty-three counts of criminal fraud arising from claims submitted to the Department of Commerce's Minority Business Development Agency ("MBDA").

The MBDA develops and coordinates a nationwide program to assist minority business enterprise. To this end, the MBDA awards grant monies for the employment of Minority Business Development Center staff. In turn, the Minority Business Development Centers are required to provide business development services to established minority firms and potential minority entrepreneurs. So that the Department of Commerce can monitor progress toward the program's stated objectives, each Minority Business Development Center is required to submit a Quarterly Narrative Report for each quarter of every grant year.

In 1987, Mr. Boutte applied for and was awarded a Cooperative Grant for the purpose of operating the Triplex Minority Business Development Center in the offices of his accounting firm in Beaumont, Texas. Based upon Mr. Boutte's submission of the Quarterly Narrative Reports, the MBDA approved continued funding to the Beaumont center for 1989, 1990, and 1991. These reports indicated that the center had provided assistance to several Beaumont area construction companies resulting in the receipt of millions of dollars of construction contracts and surety bonds.

The total federal funds awarded for the Beaumont center to Boutte, Elmore & Company from 1988 through 1991 was $603,255. Defendant's Answer at 19. At Mr. Boutte's 1992 criminal trial, however, it was established that he and his accounting firm had committed twenty-three fraudulent acts in connection with MBDA grant requests and reports. Two of the accounting firm's em-

ployees whose salaries were funded by federal grant monies were substantially utilized in private matters for the firm.

The United States contends that the criminal proceeding determined as a matter of law the predicate facts necessary to find Mr. Boutte liable for committing twenty-three violations of the False Claims Act. The defendant responds that two issues should foreclose summary judgment in this case. First, Mr. Boutte asserts that the facts litigated in the criminal proceeding do not establish violations of the False Claims Act. Second, relying on *United States v. Halper*, Mr. Boutte argues that there are insufficient facts in the record to allow this court to determine whether the Double Jeopardy Clause is implicated. 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989).

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party is able to demonstrate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Where the record could not lead a rational trier of fact to find for the non-moving party, there exists no genuine issue for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–88, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986).

The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. However, this favorable presumption for the nonmovant exists only when the nonmovant presents an actual controversy of fact.

### ANALYSIS

**1. Previously Litigated Acts of Fraud**

The False Claims Act provides for liability against:

Any person who—

(1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.

31 U.S.C. § 3729(a). Mr. Boutte cannot challenge issues material and necessary to his criminal conviction in an attempt to defeat liability under the False Claims Act. *See, e.g., Montana v. United States*, 440 U.S. 147, 155–58, 99 S.Ct. 970, 974–76, 59 L.Ed.2d 210 (1979).

The doctrine of collateral estoppel forecloses a party from re-litigating issues which were necessary to the result of a previous proceeding. *See, e.g., Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955). Collateral estoppel is particularly appropriate when the prior proceeding was a criminal action. *United States v. Thomas*, 709 F.2d 968, 972 (5th Cir.1983), *later proceeding*, 768 F.2d 686 (1985) *cert. denied*, 475 U.S. 1014, 106 S.Ct. 1194, 89 L.Ed.2d 309 (1986); *United States v. Killough*, 848 F.2d 1523, 1528 (11th Cir.1988). "Because of the existence of a higher standard of proof and greater procedural protection in a criminal prosecution, a conviction is conclusive as to an issue arising against the criminal defendant in a subsequent civil action." *Thomas*, 709 F.2d at 972.

Section 3731(d) of the False Claims Act instructs trial courts to give conclusive collateral estoppel effect to criminal convictions in any civil action arising under the Act:

Notwithstanding any other provision of law, the Federal Rules of Criminal Procedure, or the Federal Rules of Evidence, a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or upon a plea of guilty or nolo contendere, shall estop the

defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding and which is brought under subsection (a) or (b) of section 3730.

The present action is precisely the type of companion civil proceeding this statutory language addresses. *See, e.g., United States v. O'Connell,* 890 F.2d 563 (1st Cir.1989); *Berdick v. United States,* 222 Ct.Cl. 94, 612 F.2d 533 (1989); *Sell v. United States,* 336 F.2d 467 (10th Cir.1964). The convictions of Mr. Boutte clearly establish the necessary facts to satisfy twenty-three violations of subsections (a) and (b) of section 3730 of the False Claims Act.

Once liability is established, section 3729(a) of the Act requires the imposition of a civil penalty of "not less than $5,000 and not more than $10,000" for each violation. The same subsection of the Act requires the court to award plaintiffs three times the amount of damages actually sustained by the United States due to such frauds.

■ Although the government would have us place the United States' actual loss at $540,070, this court in 1992 found that the government's loss was proven only to the extent of $301,627. Of course, an order of restitution is not equivalent to a judicial determination of damages. *United States v. Barnette,* 10 F.3d 1553 (11th Cir.1994). In fashioning an appropriate restitution figure, which is an equitable remedy, a judge is free to consider factors such as a defendant's ability to pay. Even so, in 1992, this Court did more than merely award a restitution amount. In the judgment, the Court explained that it was finding the government's loss to be $301,627.

■ Although this loss figure is not equivalent to damages, it is the base number the Court will use in this proceeding for determining treble "damages." Hence, Mr. Boutte is liable to the government under the False Claims Act for $904,881. Furthermore, the False Claims Act tacks on a penalty ranging from $5,000 to $10,000 for each violation of the act. Because the plaintiff has not presented any evidence of why the fine should not be higher than the statutory minimum, this Court believes it is only authorized to assess a $5,000 fine for each of the twenty-three violations. *See United States v. Fliegler,* 756 F.Supp. 688 (E.D.N.Y.1990). In addition, it is unclear how developed the record needs to be in False Claims Act cases, before a court can award a sum certain at the summary judgment stage. This Court, however, is confident that no mitigating circumstances which could be alleged by Mr. Boutte would make a fine of $5,000 for each of his violations excessive. *Cf. United States v. Gilbert Realty Co., Inc.,* 840 F.Supp. 71 (E.D.Mich.1993).

When one adds this $115,000 penalty to the $904,881, the sum is $1,019,881. Although it will not alter the total award to the plaintiff, the Court notes that any amount Mr. Boutte pays on his criminal restitution award will offset his civil liability in this case pursuant to 18 U.S.C. 3663(e)(2)(A).

### 2. *Double Jeopardy Concerns*

■ Mr. Boutte argues that assessing him with treble damages and civil penalties for the same conduct for which he is currently serving a sentence of incarceration implicates the Double Jeopardy Clause of the Fifth Amendment. That provision protects against three permutations of overreaching: a second prosecution for the same offense after an acquittal, a second prosecution for the same offense after a conviction, and multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). In this case, it is this third type of abuse, multiple punishments, which Mr. Boutte alleges.

■ Mr. Boutte correctly cites *United States v. Halper* for the proposition that a civil penalty can constitute punishment if it bears no rational relation to the total damage caused to the government. 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). Hence, if an individual is convicted criminally for fraud, and the same conduct is later "punished" in a civil action, the Double Jeopardy Clause has been violated.

■ The controlling question, then, is what distinguishes a mere penalty from a punishment? Any civil award has both a

remedial aspect for the plaintiff and a deterrent effect on a class of defendants. It is impermissible in the calculation of the civil award to take into account the deterrent effect on the class of defendants—to do so would be functionally equivalent to assessing a punishment. It is appropriate, however, in the accomplishment of "rough justice" to assess an amount greater than the actual damages suffered by the plaintiff. *Halper*, 490 U.S. at 449, 109 S.Ct. at 1902.

The question in this case is whether an award of $1,019,881 for a loss of $301,627 is a punishment? The award would be approximately 3.38 times the proven direct loss to the government. However, that ratio of award-to-damages would be decreased if one factored in, for example, the costs the government has incurred in prosecuting and investigating the criminal and civil actions to date.

This Court is uncertain how abrasive the fit between proven damages and statutory awards can be before a formal accounting is necessitated. Nonetheless, given the case law in this area, this Court is confident that the justice it is dispensing today is not so rough as to call for a hearing on damages. An award of $1,019,881 in this case is not punishment; rather, it bears a rational relationship to the remediation of the government.

### CONCLUSION

The United States has succeeded in proving there to be no genuine issue of material fact regarding its claims in this case. The plaintiff has shown as a matter of law why it should prevail against the defendant Gregory Boutte. It is therefore ORDERED that Plaintiff's Motion for Summary Judgment be GRANTED consistent herewith.