**UNITED STATES of America, Plaintiff,**

v.

**Stanley L. PETERS, Defendant.**

**No. 4:CV 95–3347.**

United States District Court,
D. Nebraska.

June 3, 1996.

---

* *But see Matthews v. Rollins Hudig Hall Co.,* 874 F.Supp. 192 (N.D.Ill.1995) (disagreeing with *Grant* and *Miller* and finding that individuals can be liable for ADEA violations).

Paul D. Boeshart, Assistant United States Attorney, Lincoln, NE, for Plaintiff.

Michael J. Hansen, Berry, Kelley, Hansen & Burt, Lincoln, NE, for Defendant.

## MEMORANDUM AND ORDER

KOPF, District Judge.

Pending before the court are the parties' cross-motions for summary judgment (filing 11, Defendant's motion; filing 15, Plaintiff's motion) and the evidence submitted in support of these motions.[1] For the reasons discussed below I will grant the plaintiff's motion for summary judgment and deny defendant's motion for summary judgment.

### I. BACKGROUND

In December 1993, Stanley L. Peters (Peters) was convicted on three counts of submitting false claims to the Environmental Protection Agency, one count of conspiracy to defraud the United States, and one count of theft of government property. *United States v. Stanley L. Peters*, 4:CR93–3034, *aff'd, U.S. v. Peters*, 59 F.3d 732 (8th Cir. 1995). The United States has now brought this action against Peters to recover civil monetary penalties and damages pursuant to

---

1. As evidence in support of its motion for summary judgment the Plaintiff has submitted three declarations (filings 16, 17, 18) and asked the court to take judicial notice of all files and records in the case *United States v. Stanley L. Peters*, 4:CR93–3034, and *United States v. Peters*, 59 F.3d 732 (8th Cir.1995). (Filing 15.)

As evidence in support of his motion for summary judgment the Defendant has submitted the affidavit of Stanley Peters (filing 12, Ex. A), and the judgment and commitment order entered by this court in *United States v. Stanley L. Peters*, 4:CR93–3034.

the False Claims Act (FCA), 31 U.S.C. § 3729 et seq.

Defendant's motion for summary judgment (filing 11) alleges that based on Peters's prior criminal conviction the doctrine of res judicata or collateral estoppel bars this claim or bars relitigation of certain issues. Peters also asserts that this civil penalty constitutes punishment for double jeopardy purposes and thus violates the Fifth Amendment. Plaintiff's motion for summary judgment (filing 15), alleges that defendant's prior criminal conviction collaterally estops the defendant from relitigating the issue of liability, and as a matter of law the plaintiff is entitled to treble damages in the amount of $460,428 and $40,000 in civil penalties pursuant to § 3729(a).

## II.  UNDISPUTED MATERIAL FACTS

After considering the parties' evidence and briefs in support of their motions for summary judgment, I find the undisputed material facts to be as follows.

1.  Peters owned the architectural/engineering firm of Stanley L. Peters and Associates (SLPA).  SLPA was in the business of assisting school districts in applying for federal grants for the removal of asbestos under the Asbestos School Hazard Abatement Act (ASHAA), 20 U.S.C. §§ 4011 et seq.

2.  SLPA assisted the Fairbury Public Schools (FPS) in applying to the United States Equal Protection Agency for financial assistance under the ASHAA, and on April 28, 1989 the EPA awarded FPS a grant in the amount of $281,176 and a no-interest loan in the amount of $319,630 for asbestos removal.

3.  On May 15, 1989, SLPA entered into an agreement with FPS to design and oversee the asbestos abatement procedure to be followed by the contractor who would do the actual asbestos removal.  On February 28, 1990, Brad's Asbestos Removal, Inc., (BAR) was awarded the contract for the asbestos removal work.  BAR is owned by Russell

Curtis, and the Nebraska BAR office is managed by Russell's brother Dean Curtis.

4.  Funds are disbursed to a grant/loan recipient under ASHAA only after the recipient certifies to the EPA that costs have been incurred and work has been performed in accordance with the provisions of the program.

5.  Between 1989 and 1991, Peters conspired with Dean and Russell Curtis to submit claims to the EPA for reimbursement under the ASHAA grant/loan for work that had not yet been undertaken, and for renovation work that did not involve asbestos removal and did not fall under the scope of ASHAA.

6.  Peters prepared and submitted three false claims for reimbursement to the EPA on behalf of FPS, resulting in overpayment of ASHAA federal funds to FPS in the amount of $153,476.

7.  On December 21, 1993, after a criminal jury trial in this court, Peters was convicted of 3 counts of criminal false claims in violation of 18 U.S.C. § 287 and one count of conspiracy to defraud the government in violation of 18 U.S.C. § 371 [2] arising from false claims for payment of federal grant and loan funds from the EPA under ASHAA.

8.  On June 28, 1994, Peters was sentenced to a term of 24 months imprisonment, and payment of restitution in the amount of $153,476.  Peters appealed to the Eighth Circuit Court of Appeals which affirmed the conviction and sentence.  *U.S. v. Peters,* 59 F.3d 732 (8th Cir.1995).

9.  The Federal Bureau of Investigation incurred expenses related to the detection and investigation of Peters's case in the amount of $50,343.21.

10.  The Environmental Protection Agency, Office of Inspector General has incurred expenses related to the investigation and litigation of Peters's case in the amount of $41,699.09.

---

**2.**  Peters was also convicted on one count of theft of government property in violation of 18 U.S.C. § 641.

## III.  DISCUSSION

### A.  Summary Judgment Standard

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 319, 130 L.Ed.2d 280 (1994).  In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Vette Co. v. Aetna Casualty & Surety Co.*, 612 F.2d 1076, 1077 (8th Cir.1980). *See also Reierson v. Resolution Trust Corp.*, 16 F.3d 889, 891 (8th Cir.1994).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with " 'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.' " *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir.1994) (quoting *Gregory v. Rogers*, 974 F.2d 1006, 1010 (8th Cir.1992), *cert. denied*, 507 U.S. 913, 113 S.Ct. 1265, 122 L.Ed.2d 661 (1993)).  "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.*  Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case nec-

essarily renders all other facts immaterial.  The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

### B.  Collateral Estoppel on the Issue of Liability

■  The United States moves for summary judgment on the ground that the judgment in Peters's criminal case collaterally estops Peters from contesting the issue of liability in the instant case.  I agree.

■  Under the doctrine of collateral estoppel, a party may not relitigate an issue that has been decided on the merits in an earlier proceeding. *SEC v. Gruenberg*, 989 F.2d 977, 978 (8th Cir.1993).  "[T]he judgment in the prior proceeding precludes the relitigation of issues actually litigated and necessary to the outcome of the first action." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979).  It is well established that "a prior criminal conviction may work an estoppel in favor of the Government in a subsequent civil proceeding ... [provided the questions were] 'distinctly put in issue and directly determined' in the criminal prosecution." *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 568–69, 71 S.Ct. 408, 413–14, 95 L.Ed. 534 (1951); *Gruenberg*, 989 F.2d at 978.

The identical factual conduct and violation of law raised in this civil action were distinctly put in issue and directly determined against Peters in his criminal trial.  The False Claims Act provides for liability against:

> Any person who—
>
> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;

(3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid.

31 U.S.C. § 3729(a).

Peters's criminal convictions for filing false claims to the EPA and for conspiring to file false claims to the EPA clearly establish violations under the False Claims Act. The complaint in this False Claims action is based on the same allegations that served as the basis for the criminal convictions. Indeed, the verdict form used by the jury in the criminal case conclusively establishes that the issues of whether Peters submitted false claims to the government and whether Peters conspired to submit false claims to the government were distinctly put in issue and directly determined in the criminal proceeding.[3]

Moreover, section 3731(d) of the False Claims Act instructs courts to give conclusive collateral estoppel effect to criminal convictions in any civil action, such as the present case, which arises under the Act:

Notwithstanding any other provision of law, the Federal Rules of Criminal Procedure, or the Federal Rules of Evidence, a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or upon a plea of guilty or nolo contendere, shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding and which is brought under subsection (a) or (b) of section 3730.

Case law fully supports the application of collateral estoppel to criminal convictions on the issue of liability in subsequent civil proceedings predicated on the False Claims Act. *See, e.g., United States v. O'Connell,* 890 F.2d 563 (1st Cir.1989); *United States v. Thomas,* 709 F.2d 968 (5th Cir.1983); *Berdick v. United States,* 612 F.2d 533, 222 Ct.Cl. 94 (1979); *Sell v. United States,* 336 F.2d 467 (10th Cir.1964).

Peters has also moved for summary judgment on collateral estoppel grounds, stating, "[t]he United States may not now retry the issues of guilt and damages which were fundamental and material to the Court's prior decision." (Def.'s Br.Mot.Summ.J. at 7.) To the extent that Peters seeks collateral estoppel on the issue of liability based on the prior criminal conviction, it shall be granted for the same reasons plaintiff's motion on this issue is granted.

■ Although Peters characterized his argument as one asserting collateral estoppel, he may have intended to assert the doctrine of res judicata. In his brief Peters states, "[t]he [criminal proceeding] should be given *collateral estoppel* effect to prohibit a subsequent *claim* based on the same issues." (Def.'s Br.Mot.Summ.J. at 8. (second emphasis added).)

Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.

*Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979).

To the extent Peters is seeking summary judgment based on the doctrine of res judicata, it shall be denied. Peters has cited no case authority to support the application of res judicata, nor can this court find any such authority. *See United States v. Barnette,* 10 F.3d 1553, 1561 (11th Cir.1994) ("We decline

---

**3.** As to Count I the jury concluded, "We find the defendant Stanley L. Peters guilty of conspiracy to defraud the United States." As to each of Counts II, III, and IV, the jury concluded, "We find the defendant Stanley L. Peters guilty of making a false and fraudulent claim against the United States...." *United States v. Stanley L. Peters,* 4:CR93–3034 (filing 38), *aff'd United States v. Peters,* 59 F.3d 732 (8th Cir.1995).

to misapply the doctrine of res judicata in such a fashion.")

Peters's case falls squarely within the direction of section 3731(d), and the common law doctrine of collateral estoppel. Therefore, I will grant plaintiff's motion for summary judgment on the issue of liability. I will grant Peters's motion for summary judgment on the issue of liability to the extent it is based on collateral estoppel, and deny his summary judgment motion to the extent it asserts the doctrine of res judicata bars this claim.

### C. Damages

The False Claims Act provides that once liability is established, the defendant is liable to the United States Government for treble actual damages and liable for a civil penalty of "not less than $5,000 and not more that $10,000" for each violation. 31 U.S.C. § 3729(a).

### 1. Treble Actual Damages

■ The measure of actual damages is determined by the amount paid due to the false claim minus the amount paid had the claim been truthful. *United States v. Cooperative Grain and Supply Co.,* 476 F.2d 47, 63 (8th Cir.1973). The government contends, as does Peters, that the amount of actual damages the government sustained due to the Peters's false claims is $153,476. In fact, Peters argues the government is collaterally estopped from relitigating the amount of actual damages it sustained. Peters asserts:

[T]he United States has already been given a full and fair opportunity to present evidence of ... losses sustained by the United States.... At both the trial and the sentencing the United States presented evidence of the losses it sustained. The court found the that the losses totaled 153,476.00. (Sentencing Transcript pp. 13–16). Granting a full recovery for its loss, the Court ordered restitution to be paid to the United States in the amount of $153,-476.00. (Exhibit "B", Page 3, Paragraph 12).

(Def.'s Br.Mot.Summ.J. at 7).

Peters appealed his criminal conviction and sentence to the Eighth Circuit Court of Appeals. *United States v. Peters,* 59 F.3d 732 (8th Cir.1995). At that time Peters argued this court erred in calculating the amount of loss sustained by the Government. The Court of Appeals rejected Peters's argument and concluded the calculation was not erroneous. *Id.* at 734.

Peters has submitted no evidence in opposition to the Government's motion for summary judgment that the amount of restitution ordered at the criminal proceeding was incorrect. The facts established by the Government are undisputed, and in fact are corroborated by Peters, that actual damages in this case amount to $153,476.

The Government is allowed to recover the actual damages it has suffered due to the false claims, "plus the statutory penalties." *Cooperative Grain,* 476 F.2d at 63. The treble damages and penalties allowed under the False Claims Act "are further sanctions that aid in making the Government 'whole'." *Id.* Finding no dispute between the parties that the actual loss sustained by the Government was $153,476, section 3729(a) requires the imposition of treble damages. Therefore, Peters is liable to the Government for $460,-428 under the trebling provision of the False Claims Act.

### 2. Civil Penalty

■ In addition, Peters is liable for a civil penalty of "not less than $5,000 and not more than $10,000" for each violation. It is undisputed that Peters has committed four violations of the False Claims Act, thus the total amount in civil penalties to be imposed must be within the range of $20,000 to $40,000.

The Government has submitted three Declarations in support of its position that the maximum penalty is warranted in this case. The declarations, which are undisputed by Peters, establish that the FBI and EPA incurred investigative costs in this case of $92,-042.21. (Filings 16, 17, 18.)

■ The primary purpose of the False Claims Act and its civil penalties is to make the government whole for such costs as detection, investigation, and prosecution of those who defraud the United States. *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). Peters con-

tends that the government was made whole by virtue of the restitution order in the criminal proceeding. However, the calculation of restitution did not account for the costs of detection, investigation, and prosecution of these two cases which the Government is now attempting to recoup. *See e.g. United States v. Barnette,* 10 F.3d 1553 (11th Cir. 1994) (criminal order of restitution does not affect availability of subsequent civil claim brought under False Claims Act or imposition of civil penalties); *United States v. Boutte,* 907 F.Supp. 239 (E.D.Tex.1995); *United States v. Fliegler,* 756 F.Supp. 688 (E.D.N.Y.1990).

It is unclear just how exacting the government's proof must be in order to be entitled to the maximum penalty. *Boutte,* 907 F.Supp. at 243. Although *Halper* seems to suggest that the Government need not present evidence of each dollar spent in investigating and prosecuting false claims in order to fully recover under the False Claims Act, that case applied the False Claims Act as it appeared prior to 1986 amendments to the Act. Prior to 1986 the civil penalty for each violation was a mandatory $2,000 per violation. The 1986 amendments created a range of between $5,000 and $10,000 for each violation which "apparently represents congressional intent to allow discretion in assessing forfeitures." *United States v. Hill,* 676 F.Supp. 1158, 1182 (N.D.Fla.1987).

The parties agree that the actual damages incurred as a result of Peters's false claims were $153,476, and the government has submitted proof of an additional $92,042.21 in costs incurred as a result of Peters's false claims. It is undisputed therefore that the government is out $245,518.21. The government has been awarded treble actual damages of $460,428. The difference between the costs the government has proven it has incurred ($245,518.21) and the amount the government will receive under the trebling provision ($460,428) is $224,909.79.

| | |
|---|---|
| Actual Damages | $153,476.00 |
| Investigative Expenses | + $ 92,042.21 |
| Proven Government Loss | $245,518.21 |
| | |
| Treble Damages | $460,428.00 |
| Government Loss | − $245,518.21 |
| | $224,909.79 |

In its brief the government notes that it has not submitted evidence of prosecutive expenses but states "[w]e are aware of no precedent requiring proof of investigative or prosecutive costs to substantiate appropriate awards in false claims cases." (Pl.'s Br. Mot.Summ.J. at 17 n. 9.) However, I cannot find that as a matter of law the government is entitled to the maximum penalty of $40,000 when it will already receive over $200,000 in excess of what it has proven to have lost. Therefore, Peters's four civil penalties will be assessed at $5,000 each for a total civil penalty of $20,000.

### D. Double Jeopardy

■ Relying on *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), Peters argues that the Double Jeopardy Clause of the Fifth Amendment bars the implication of treble damages and civil penalties against him. I reject this argument and will deny Peters's motion for summary judgment on this ground.

■ The Double Jeopardy Clause protects against three abuses: a second prosecution for the same offense after an acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076–77, 23 L.Ed.2d 656 (1969). In this case Peters asserts he is subject to multiple punishments for the same offense.

*Halper* held that "a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction *to the extent that the second sanction may not fairly be characterized as remedial,* but only as a deterrent or retribution." 490 U.S. at 448–49, 109 S.Ct. at 1902 (emphasis added). In *Halper,* the defendant was convicted of making 65 false claims resulting in actual damages to the government in the amount of $585 plus an estimated $16,000 for investigating and prosecuting the action. Under the FCA's mandatory penalty provision, Halper was liable for 65 penalties at $2,000 each, or a total of $130,000.

Recognizing the primary purpose of the False Claims Act is to make the government

whole, the Supreme Court concluded that a civil penalty of $130,000 bore no rational relation to the government's actual loss and thus was considered punishment for purposes of double jeopardy. However, the Court cautioned:

> What we announce now is a rule for the rare case, the case such as the one before us, where a fixed-penalty provision subjects the prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused.

*Id.* at 449, 109 S.Ct. at 1902.

Peters is neither a "prolific" or "small gauge" offender. In stark contrast to the 65 false claims submitted by Halper resulting in an actual loss of $565 to the Government, in the present case there have been four violations resulting in an actual loss of $153,476. In further defining the limited application of *Halper*, the Supreme Court went on to note that a suit under the False Claims Act "alleging one or two false claims would satisfy the rational-relationship requirement. It is only when a sizable number of false claims is present that, as a practical matter, the issue of double jeopardy may arise." *Id.* at 451, n. 12, 109 S.Ct. at 1903, n. 12.

Peters argues that since "restitution has been fully ordered [in the criminal case] for the losses to the United States" this case may be viewed only as serving a punitive rather than remedial purpose. (Def.'s Br. Mot.Summ.J. at 13–14.) However, Peters ignores the fact that the restitution order considered only actual damages sustained by the Government because of the false claims he filed, and does not take into account further expenses incurred by the Government related to the detection, investigation, and prosecution of the false claims.

In light of the imposition of the minimum civil penalty of $5,000 per violation, the fact that there are only four violations, and the relatively large amount of actual damages ($153,476 as compared to $565 in Halper) I find there is no basis upon which to conclude the double jeopardy clause is implicated in this case. The damages and civil penalties the government is entitled to under the False Claims Act in the amount of $480,428 cannot be said to bear no rational relation to the remedial goal of making the government whole for its proven losses of $245,518.21. *See e.g. United States v. Boutte,* 907 F.Supp. at 243 (total award of $1,019,881 bears rational relation to loss of $301,627).

## IV. CONCLUSION

As discussed above, there are no genuine issues of material fact to be tried, and Plaintiff is entitled to judgment as a matter of law against Defendant in the amount of $480,428.00. This award shall be reduced by the amount, if any, Defendant has already paid in satisfaction of the prior criminal restitution order entered by this court on June 28, 1994.

Accordingly,

IT IS ORDERED that:

1. Plaintiff's motion for summary judgment (filing 15) is granted, consistent with this memorandum.

2. Defendant's motion for summary judgment (filing 11) is denied.