UNITED STATES of America, Plaintiff,

v.

Sigfredo ORAMA, et al., Defendants.

Civil No. 95–1334(HL).

United States District Court,
D. Puerto Rico.

Feb. 1, 1997.

Jacqueline D. Novas–Debien, U.S. Attorney's Office District of P.R., Civil Division, Esther Castro–Schmidt, U.S. Attorney's Office District of P.R., Criminal Division, Hato Rey, PR, for United States of America.

Jose F. Velazquez–Ortiz, Van Rhyn, Lora–Longoria Morales–Sanchez & Velazquez, Hato Rey, PR, for Sigfredo Orama, Constructora Orama, Inc.

Juan M. Masini–Soler, Hato Rey, PR, for Municipality of Jayuya.

Carlos M. Rivera–Vicente, Cancio, Nadal, Rivera & Diaz, San Juan, PR, for Federal Insurance Company.

Virgilio Ramos, Hato Rey, PR, Manuel A. Segarra–Vazquez, San Juan, PR, for National Insurance.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court are Defendants Constructora Orama, Inc. and its president Sigfredo Orama's (collectively "the Oramas") two motions to dismiss and a motion for summary judgment. Plaintiff United States of America brings this action under the False Claims Act ("FCA").[1] The Municipality of Jayuya ("the Municipality") and its insurance companies Federal Insurance Company and National Insurance Company are also defendants in this action. The Government claims that the Oramas and Municipality employees submitted fraudulent contracts to the Federal Emergency Management Agency ("FEMA") for over a million dollars of disaster assistance funds granted by FEMA to the Municipality. The first four counts of the amended complaint are brought under the FCA. The fifth count alleges "mistake of fact," the sixth count alleges breach of contract, and the seventh count alleges claims of

---

**1.** 31 U.S.C.A. §§ 3729–3733 (West 1983 & Supp. 1996).

unjust enrichment, conversion, and breach of fiduciary duty.

This civil case was preceded by a criminal case against the Oramas, Municipality employees, and a FEMA employee.[2] Count one of the criminal indictment alleged that all the defendants conspired to submit to FEMA fraudulent bids for construction work to repair declared disasters in Jayuya, in violation of 18 U.S.C. § 371.[3] Count one also incorporated the allegations of counts three and four as overt acts done in furtherance of the conspiracy. Count three alleged that Sigfredo Orama submitted three fraudulent bids to FEMA totaling $307,000. Count four alleged that Sigfredo Orama and Constructora Orama submitted a forged contract to FEMA in the amount of $10,250. On September 13, 1994, both Sigfredo Orama and Constructora Orama entered plea agreements whereby they agreed to plead guilty to count one of the indictment.[4] The plea agreements stated that the matter of restitution would be the subject of a separate "civil claim and/or settlement." The Court sentenced Sigfredo Orama to three years of probation and imposed a fine of $5,000.[5] The Court sentenced Constructora Orama to three years of probation and imposed a fine of $65,000.[6] At sentencing, the Court stated that no restitution was being imposed because the parties had indicated that the question of restitution would be dealt with in a civil proceeding.[7]

The Government then brought the present action seeking restitution. In its amended complaint it alleged that the Oramas, in conspiracy with Municipality employees, submitted or caused to be submitted false claims to FEMA for contracts totaling $1,198,089.30. The Government moved for partial summary judgment on the issue of the Orama's liability for the four counts of the complaint which

seek relief under the FCA.[8] The Oramas filed a motion consenting to the Government's motion for partial summary judgment on this issue.[9]

In the amended complaint's prayer for relief, the Government did not give a specific amount of the damages that it was seeking. Instead, the Government requested treble damages plus a civil penalty of $10,000 for each violation of the FCA. For counts five, six, and seven, the Government requested a return of the funds that it had paid out and an award of damages. In their motions, the Oramas argue that the Government's claims under the FCA are barred by the Double Jeopardy Clause; that they are entitled to summary judgment on the first four counts because the Government is unable to prove actual damages; and that counts five, six, and seven are time-barred. For the reasons set forth below, the Court denies all of these motions.

## DISCUSSION

### 1. Motion to dismiss based on the Double Jeopardy Clause

Sigfredo Orama and Constructora Orama argue that they are protected by the Double Jeopardy Clause. This clause provides three separate protections: protection from a second prosecution for the same offense after an acquittal; protection from a second prosecution for the same offense after a conviction; and protection against multiple punishments for the same offense. *United States v. Idowu*, 74 F.3d 387, 392 (2nd Cir.1996). The Oramas do not specify which of these three protections shield them from the present case. In their motion, the only case to which they cite is *United States v. Halper*, 664 F.Supp. 852 (S.D.N.Y.1987).[10] This case

2. Crim. no. 94–140 (CC).

3. Docket no. 36, exhibit 1; Crim. no. 94–140 (CC), docket no. 1.

4. Crim. no. 94–140 (CC), docket nos. 62 & 64.

5. Crim. no. 94–140 (CC), docket no. 109.

6. Crim. no. 94–140 (CC), docket no. 111.

7. Crim. no. 94–140 (CC), docket no. 149, at 9 & docket no. 150, at 6.

8. Docket no. 36.

9. Docket no. 40.

10. The *Halper* case to which the Oramas cite was subsequently appealed to the Supreme Court. *See United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). This Supreme Court case is the leading opinion on the interplay between the Double Jeopardy Clause and the False Claims Act. Inexplicably, the Oramas fail to mention this essential case in their

dealt with the issue of subsequent punishments for the same offense. Accordingly, the Court will treat the Oramas' claim as one based on the Double Jeopardy Clause's protection against multiple punishment.

■ Generally, the proceedings and penalties provided for under the civil False Claims Act are indeed civil in nature. *United ed States v. Halper*, 490 U.S. 435, 441–42, 109 S.Ct. 1892, 1898, 104 L.Ed.2d 487 (1989). Under some circumstances, however, a civil sanction may constitute punishment. *Id.* at 443, 109 S.Ct. at 1899; *United States v. Stoller*, 78 F.3d 710, 716 (1st Cir.1996). In determining whether a civil sanction rises to the level of punishment, the court must determine whether the application of the sanction is "so divorced from any remedial goal that it constitutes 'punishment' for the purpose of double jeopardy analysis." *Halper*, 490 U.S. at 443, 109 S.Ct. at 1899; *see also United States v. Barnette*, 10 F.3d 1553, 1558 (11th Cir.1994). The court should make a particularized assessment of the civil penalty imposed and the purpose that the penalty is said to serve. *Halper*, 490 U.S. at 448, 109 S.Ct. at 1901. A civil award against an already-convicted defendant will not be precluded by the Double Jeopardy Clause if the award is rationally related to the goal of making the Government whole for the losses caused by the defendant. *Id.* at 451, 109 S.Ct. at 1903.

■ Where the Government is seeking a civil sanction against a defendant who has already sustained a criminal penalty and it appears that the civil sanction has no rational relation to the goal of making the Government whole, the Government must provide an accounting of its damages and costs to determine whether the sanction constitutes a second punishment. *Id.* at 449–50, 109 S.Ct. at 1902; *Barnette*, 10 F.3d at 1560; *United States v. Peters*, 927 F.Supp. 363, 370 (D.Neb.1996). This rule applies to the rare case when a fixed-penalty provision will subject a prolific but small-scale offender to a sanction which is overwhelmingly disproportionate to the damages the offenses have

caused. *Halper*, 490 U.S. at 449, 109 S.Ct. at 1902. The Government's costs and damages may be difficult, if not impossible, to ascertain. *Id.* Similarly, it may be impossible for a court to determine the exact dollar figure at which a civil sanction stops being solely a remedial measure and starts being a punitive one as well. *Id.* Nevertheless, the court must afford the Government the opportunity to present an accounting of its actual costs and damages. *Id.* at 452, 109 S.Ct. at 1903–04; *Barnette*, 10 F.3d at 1560. The Government may present evidence not only of the fraud itself, but also of the Government's ancillary expenses such as the costs of detection, investigation, and prosecution of the false claims. *Barnette*, 10 F.3d at 1560; *Peters*, 927 F.Supp. at 370. In the end, the Government is entitled to "rough remedial justice," and it may seek compensation based on imprecise formulas; this inexact approach will generally not constitute a second punishment for purposes of double jeopardy analysis. *Halper*, 490 U.S. at 446, 109 S.Ct. at 1900.

■ In the case before the Court, the Oramas were punished criminally for the offenses for which the Government now seeks civil damages. However, this is not the rare case, singled out in *Halper*, where a fixed-penalty provision will subject a prolific but small-scale offender to a sanction that is overwhelmingly disproportionate to the damages the offenses have caused. *See id.* at 449, 109 S.Ct. at 1902. The Oramas, by consenting to the Government's motion for partial summary judgment, admit that they participated in a conspiracy to submit or cause to be submitted false claims to FEMA for amounts totaling $1,198,089.30. Fraudulent claims of over a million dollars do not constitute small-scale offenders. It is true that the Government has not specified an amount of damages. Nevertheless, the Court must give the Government the opportunity to present an accounting of its actual costs and damages caused by the Oramas. *See id.* at 452, 109 S.Ct. at 1903–04; *Barnette*, 10 F.3d at 1560. Once the Govern-

sparse brief. In fact, the Oramas mention only one case in their brief—the district court's opinion in *Halper*. The Court admonishes the Ora-

mas' counsel for the lackadaisical manner in which this argument was presented to the Court.

ment has presented its accounting, the Court will be able to determine whether the civil sanctions are rationally related to the Government's actual damages. Because the Government has not yet been afforded an opportunity to present its accounting and because the Oramas are not small-scale offenders, the Court denies the motion to dismiss on the grounds that this civil action violates the Double Jeopardy Clause.[11]

### 2. Motion for summary judgment on actual damages

■ The Oramas also move for summary judgment on the first four counts of the amended complaint on the grounds that the Government is unable to prove its actual damages. The Court reviews the record in the light most favorable to the Government and draws all reasonable inferences in its favor. *See LeBlanc v. Great American Ins. Co.*, 6 F.3d 836, 841 (1st Cir.1993). A court should grant summary judgment when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). As discussed above, the Oramas, by consenting to the Government's motion for partial summary judgment, have admitted that they participated in a conspiracy to submit or cause to be submitted false claims to FEMA for amounts totaling $1,198,089.30. Thus, there is evidence in the record of the Government's damages. Moreover, even if the Government is unable to provide an exact amount of its losses, the precise amount of the Government's damages in an FCA claim may be difficult, if not impossible, to ascertain. *See Halper*, 490 U.S. at 449, 109 S.Ct. at 1902. The court must provide the Government with the opportunity to present an accounting of its actual costs and damages. *Id.* at 452, 109 S.Ct. at 1903–04; *Barnette*, 10 F.3d at 1560. Because the Oramas have admitted to causing damages to the Government, there is a genuine issue of material fact as to this issue.

Additionally, the Government is entitled to an opportunity to provide an accounting of its damages. Accordingly, the Court hereby denies the motion for summary judgment.

### 3. Motion to dismiss counts five, six, and seven

The Oramas also move to dismiss the last three counts of the amended complaint on the grounds that they are time-barred. The Oramas claim that these claims are governed by the one year statute of limitations for tort actions in Puerto Rico. *See* P.R. Laws Ann. tit. 31, § 5298 (1990). The Oramas' motion on this subject is three pages long. Their only argument that section 5298 applies to the last three counts is the following sentence: "Related to Count V for Mistake of Facts and Count VII for Common Law Claims, we submitts [sic] that the applicable statute of limitation is the one year period for general tort actions, according to the Civil Code of Puerto Rico."[12] The Oramas cite to no case law to support this claim, and they develop no arguments in support of their motion. A motion should contain a concise statement of reasons in support of its requested relief and a citation of authorities upon which the movant is relying. Local Rule 311(2). The Oramas have submitted neither reasons nor supporting citations. A party that makes a claim by raising it in a perfunctory manner without any support or development of its argument waives the claim. *Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 100 (1st Cir.1996); *Charles v. Rice*, 28 F.3d 1312, 1320 (1st Cir. 1994); *Goldman, Antonetti, et al, v. Medfit Int'l*, 982 F.2d 686, 688 n. 6 (1st Cir.1993). Because the Oramas have raised this issue in a perfunctory and unsupported manner, the Court deems it waived. Accordingly, the motion to dismiss based on the statute of limitations is denied.

---

11. The Court also notes that this civil action did not come as a surprise to the Oramas. Their plea agreements stated that the matter of restitution would be the subject of a separate "civil claim and/or settlement." Crim. no. 94–140 (CC), docket nos. 62 & 64. A defendant's conduct is material to the double jeopardy analysis. *United States v. Marcus Schloss & Co.*, 724

F.Supp. 1123, 1127 (S.D.N.Y.1989). Where the Oramas agreed that a separate civil claim would follow their criminal case, they may not now seek protection under the Double Jeopardy Clause.

12. Docket no. 54, at 3.

WHEREFORE, the Court hereby denies the Oramas' two motions to dismiss and their motion for summary judgment (docket nos. 52, 53, & 54).

**IT IS SO ORDERED.**