IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40068
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY BOUTTE,

Defendant-Appellant.

_____

Appeal from the United States District Court for
the Eastern District of Texas
(1:94-CV-102)
_____
February 10, 1997

Before REAVLEY, GARWOOD and BENAVIDES, Circuit Judges.

REAVLEY, Circuit Judge:[*]

Gregory Boutte appeals the district court's summary judgment award to the government of $1,019.881 in statutory damages and fines for twenty-three violations of the False Claims Act. 31 U.S.C. § 3729, *et seq.* Boutte was charged with submitting false and fraudulent claims to an agency of the U.S. Department of Commerce to fund his Triplex Minority Business Development Center (Triplex). In an earlier 1992 criminal proceeding, Boutte was tried and convicted for these same offenses. He was sentenced to

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

41 months in prison and ordered to pay $150,813.75, exactly half of $301,627.50, the amount the district court determined had been the government's loss.  *United States v. Boutte*, 907 F.Supp. 239 (E.D.Tex. 1995), *aff'd* 13 F.3d. 855 (5th Cir. 1994), *cert. denied,* 115 S.Ct. 71 (1994).

Defendant contends that these subsequent civil charges are barred by the Double Jeopardy Clause of the Constitution.  He further argues that under *Halper*[1] the recovery sought is barred as punitive because the Government has not made a showing of what amount of recovery would make it whole.  Because we find that the fines were not grossly disproportionate to the government's loss, we affirm.

In its summary judgment award, the district court set damages at $1,018,881.  This amount represents the statutorily authorized sum of treble the Government's loss, determined in the 1992 criminal proceeding to be $301,627, and a $5,000 fine for each of the 23 counts of the False Claims Act for which Boutte was convicted. [(3 x $301,627) + (23 x $5,000) = $1,018,881]. The criminal court's finding that the Government's loss was $301,627 is *prima facie* proof of that fact.  Under the provisions of the False Claims Act, Boutte is liable for civil penalties of between $5,000 and $10,000 per violation, plus three times the amount of damages sustained by the Government because of his acts.  31 U.S.C. § 3729(a), *et seq.*

---

[1]  *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892 (1989).

The Government correctly asserts, and the court below agreed, that Boutte is collaterally estopped from challenging the facts underlying the 23 counts for which he has already been convicted. The Government is not required to reprove the same facts especially when, as here, a lower standard of proof applies to the civil violations under the False Claims Act. 31 U.S.C. § 3731(d).

Boutte's contention that only five of the twenty-three counts charged subject him to statutory fines under the False Claims Act is unsupported by the record. The convictions on Counts 1-5 for wire fraud establish that defendant fraudulently caused wire transfers of government funds to Triplex for payment of non-Triplex employees who were working on Boutte's private accounting business.[2]

The criminal convictions on Counts 11-23 were predicated on a finding that the listed quarterly reports falsely stated the amount of work done by Triplex, and the convictions on all counts were predicated on the scheme to defraud the Government and obtain payments to which the defendant was not entitled. In finding Boutte guilty for violations of §1001, the jury found him to have overstated the assistance his center provided to minority businesses, thus making it appear that he had met the requirements to obtain and continue receiving program funds.

_____

[2] Convictions under the wire fraud statute cover wire transmissions for the purpose of executing "any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises..." 18 U.S.C. § 1343.

Each of the thirteen quarterly reports listed in Counts 11-23 falsely stated the amount of reimbursable work done by Triplex. In the criminal trial, two Government witnesses testified that these reports were heavily relied on by the Government in deciding to fund Triplex.

While a prior criminal conviction for a §1001 violation might not, without more, collaterally estop a defendant in a subsequent civil suit under the False Claims Act, in the instant case the court correctly held on summary judgment that the False Claims Act applied to all counts. The criminal indictment alleged that the false statements were part of a scheme to defraud the government, and were submitted in order to ensure continued federal funding, and there was uncontradicted testimony that the false statements were relied on by the Government in deciding whether to fund defendant's program. In addition to the facts underlying the convictions, the evidence of payment to Boutte based on his false statements support the summary judgement.

There being no contrary evidence by defendant as to the earlier determination of the government's losses at $301,627, the record presents no genuine issue of any material fact. Summary judgment is, therefore, warranted. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986).

To satisfy the rule in *Halper* and not implicate the Double Jeopardy Clause, civil remedies must constitute a "mere penalty"

and not punishment.  The purpose of civil damages is to make the Government whole, not to function as a "deterrent or retribution."  *Halper,* 490 U.S. at 449, 109 S.Ct. at 1902 (1989).  Thus, the issue on appeal is whether the civil award bears a rational relationship to the government's total damages.

Boutte's case is not the type of rare case addressed in *Halper,* where overwhelmingly disproportionate sanctions amounted to 200 times the government's proven loss.  The district court correctly decided that there is no issue of disproportionality where the imposed fine is 3.38 times the amount of the government's damages.  On these facts, Boutte's contention that the Government should be required to make an accounting of damages is untenable.  The complicated prosecution and expenses involved in this civil action are necessarily great enough that the gross disproportionality and irrational relationship factors of *Halper* are not reached.

AFFIRMED.