# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3099

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Devin T. Green, also known as Twin, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted: June 7, 2002
Filed: June 7, 2002

_____

Before LOKEN, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

A jury found Devin Green guilty of conspiring to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and aiding and abetting the attempt to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. After denying Green's motion for a new trial, the district court[1] sentenced him to 210 months in prison and 5 years of supervised release. Green appeals. Upon careful review of the record, we reject his arguments for reversal.

_____

[1]The HONORABLE FERNANDO J. GAITAN, JR., United States District Judge for the Western District of Missouri.

We conclude, based on the evidence presented at trial, that the district court did not clearly err in determining the relevant drug quantity, see United States v. Sarabia-Martinez, 276 F.3d 477, 450 (8th Cir. 2002), or in giving Green a U.S.S.G. § 3B1.1 organizer/leader enhancement for supervising at least one other member of the conspiracy, see United States v. Peters, 59 F.3d 732, 734-35 (8th Cir. 1995). Nor did the district court abuse its discretion in denying Green's motion for a new trial after finding that the new evidence he produced was not credible and was not likely to result in an acquittal. See United States v. Grey Bear, 116 F.3d 349, 350-51 (8th Cir. 1997).

We further conclude that the trial evidence, viewed in the light most favorable to the verdict, was sufficient to support the convictions, see United States v. Johnson, 285 F.3d 744, 749-50 (8th Cir. 2002); and that admitting evidence of Green's prior drug conviction was not an abuse of discretion because he placed his state of mind at issue, see United States v. Jackson, 278 F.3d 769, 771-72 (8th Cir. 2002). Green does not identify, nor can we discern, any prosecutorial remarks that would have deprived him of a fair trial, see United States v. Lemon, 239 F.3d 968, 972 (8th Cir. 2001); and no prosecutorial misconduct was shown regarding changes in a government witness's testimony where Green had the opportunity to cross-examine the witness about whether the changes resulted from government pressure, see United States v. LaFuente, 54 F.3d 457, 461 (8th Cir.), cert. denied, 516 U.S. 902 (1995). We also conclude that Green waived his jury-selection argument, see United States v. Parham, 16 F.3d 844, 847 (8th Cir. 1994); the indictment was sufficient, see United States v. Carter, 270 F.3d 731, 736 (8th Cir. 2001); and any defects in the grand jury process were cured by the petit jury's verdict, see United States v. Tulk, 171 F.3d 596, 598 (8th Cir. 1999). Finally, we see no plain error in the unobjected-to jury instructions, see United States v. Evans, 285 F.3d 664, 669 (8th Cir. 2002); and any ineffective-assistance claim should be presented in 28 U.S.C. § 2255 proceedings, if at all, see United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.