131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
CINDI EAGLETON, Defendant-Appellant.
 No. 97-10090.
 United States Court of Appeals, Ninth Circuit.
 Nov. 28, 1997.
Argued and Submitted November 6, 1997
 
 1
 Appeal from the United States District Court for the District of Arizona
 
 
 2
 Robert C. Broomfield, District Judge, Presiding
 
 
 3
 Before: WIGGINS and KLEINFELD, Circuit Judges, DWYER**, District Judge
 
 
 4
 MEMORANDUM*
 
 
 5
 Appellant argues that there was no loss, in the sense of U.S.S.G. § 2F1.1, because the government sold the properties to the appellant for the high bid, got paid, and then got the properties back in better condition than when they were sold. But that presupposes that the only victim whose loss can be considered in this case is the government. The victims of diversion of benefits cases include whoever might have obtained the benefit had it not been diverted, as well as the government. The commissioners addressed exactly the issue before us in this case, in Official Comment 7(d):
 
 
 6
 7(d) Diversion of Government Program Benefits
 
 
 7
 In a case involving diversion of government program benefits, loss is value of the benefits diverted from intended recipients or uses
 
 
 8
 The official commentary to the guidelines is binding unless it is plainly erroneous or inconsistent with the Guidelines. Stinson v. United States, 113 S.Ct. 1913, 1919 (1993).
 
 
 9
 Because the government benefits program was designed to benefit people of moderate means, not the government, the district court properly used the loss calculation method prescribed for diversion of government benefits cases. It was immaterial whether any individual persons of moderate means who lost out on the real estate could be identified. The amount of the loss was readily ascertainable by the means suggested in the guideline commentary, so there was no need to resort to substitute methods. See United States v. Barnes, 117 F.3d 328, 336 (7th Cir.1997) (applying Official Comment 7(d)); United States v. Peters, 59 F.3d 732, 734 (8th Cir.1995) (same).
 
 
 10
 The cases appellant cites for an alternative approach, United States v. Allison, 86 F.3d 940 (9th Cir.1996), and United States v. Harper, 32 F.3d 1387 (9th Cir.1994), are not diversion of government program benefits cases. In those two cases, the answer to the question of how to calculate loss could not be a simple application of Comment 7(d).
 
 
 11
 Appellant makes a good point that using a fraudulent misrepresentation to get a government loan that will be repaid ought not to "be punished as severely as a con artist who intended to winkle $142,400 ... from a senile old lady." United States v. Schneider, 930 F.2d 555, 559 (7th Cir.1991). This problem can be dealt with by application of another of the official comments, which explains that "[w]here the loss determined above significantly understates or overstates the seriousness of the defendant's conduct, an upward or downward departure may be warranted." U.S.S.G. § 2F1.1 Comment 7(b). In the case at bar, the judge granted a downward departure on the basis of his judgment that mechanical application of the guidelines overstated the loss. Appellant's crime was not punished as severely as if she had stolen money from a vulnerable victim, or even stolen money from the government and not paid it back.
 
 
 12
 Because it is a district court decision from another circuit, it is not necessary for us to determine whether United States v. Caba, 911 F.Supp. 630 (E.D.N.Y.), aff'd, 104 F.3d 354 (2d Cir.1996) (table), is correct or to explain our disagreement, if we do disagree. In that complex case, defendant never misrepresented his income in order to divert food stamps from poor people to himself. All of his crimes were in the illegal acceptance of food stamps or in transactions following use of food stamps by legitimate recipients. Those facts appear to distinguish Caba from the case at bar, but because it is an out-of-circuit district court decision, we need reach no conclusion regarding Caba.
 
 
 13
 AFFIRMED.
 
 
 
 **
 The Honorable William L. Dwyer, United States District Judge for the Western District of Washington, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3